
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2017

**STATE OF TENNESSEE v. WYNELL FORD**

**Appeal from the Circuit Court for Madison County**
**No. 15-392     Donald H. Allen, Judge**

**No. W2016-01515-CCA-R3-CD**

The Defendant, Wynell Ford, pled guilty in the Madison County Circuit Court to convicted felon in possession of a firearm with a prior violent felony, a Class C felony, and was sentenced by the trial court as a multiple offender to ten years in the Department of Correction at thirty-five percent. On appeal, he challenges the trial court's denial of his request for alternative sentencing. Following our review, we affirm the sentencing determinations of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant Public Defender, for the appellant, Wynell Ford.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Aaron J. Chaplin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On March 24, 2016, the Defendant pled guilty as a Range II, multiple offender to convicted felon in possession of a firearm with a prior violent felony, with the sentencing to be left to the trial court's later determination. The prosecutor recited the following factual basis for the plea:

Your Honor, if the State were to go to trial, we would show that on or about April the 27th of 2015 here in Madison County, Tennessee that the [D]efendant did unlawfully and knowingly possess a firearm after having been convicted of a violent felony offense which was aggravated assault in Madison Count[y] Circuit Court No. 99-940 which would be in violation of Tennessee Code Annotated [section] 39-17-1307(B)(1)(a). This is the result of an encounter the [D]efendant had with Investigator Rhodes and Investigator Savage here in Jackson, Madison County at 59 Point O'Wood Cove. The investigators were there patrolling the area due to recent shots fired in the area. They saw the [D]efendant in the middle of the cove at the end of that street next to a car. The vehicle was blocking traffic. Investigator Rhodes saw what he knew to be a gun in the [D]efendant's pocket, the imprint of a gun in the [D]efendant's left pocket. Investigator Rhodes exited the vehicle and approached the [D]efendant and asked him if that was a gun in his pocket and at first the [D]efendant said, no, and Investigator Rhodes replied, "I can see the gun." Then this [D]efendant mumbled some profanities and said, "Yes." He attempted to reach into his left pocket. At that point, Investigator Rhodes reached into the [D]efendant's pocket and pulled out the firearm. He asked the [D]efendant if he had a handgun carry permit and the [D]efendant replied, "No," and the [D]efendant then informed the investigator that he was a convicted felon. All of this occurred here in Madison County, Tennessee.

At the sentencing hearing, the State introduced the Defendant's presentence report, which reflected that the thirty-eight-year-old Defendant had a substantial history of criminal convictions dating from the age of seventeen, including two convictions for domestic violence, two convictions for aggravated assault, two convictions for criminal trespassing, a conviction for burglary of an automobile, a conviction for vandalism, a conviction for simple assault, and various drug and traffic-related convictions. The presentence report further reflected that the Defendant stated under oath in court that he had never been employed. The State also introduced as exhibits certified copies of the Defendant's 2000 guilty plea convictions for aggravated assault, a 2002 probation violation order entered with respect to those convictions, the Defendant's 2002 convictions for automobile burglary and theft of property under $500, and the Defendant's 2014 conviction for simple domestic assault.

The Defendant did not present any proof and made no statement to the court. During arguments, his counsel pointed out that the Defendant's right arm and leg were partially paralyzed from a gunshot wound he received in the early 1990s and that he suffered from extensive health problems. Defense counsel also noted that many of the Defendant's convictions were older, dating from the early 1990s and 2006, and argued

that the Defendant had "accepted full responsibility" for the instant crime by pleading guilty. Defense counsel requested that the trial court impose the minimum sentence and order probation or some other kind of alternative sentencing.

At the conclusion of the hearing, the trial court reviewed the Defendant's criminal history in detail and found two applicable enhancement factors: that the Defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish his sentencing as a Range II offender and that he had, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community, which the court based on the "five or possibly six different occasions" he had committed new offenses while on probation or a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(1), (8) (2014). The trial court noted the Defendant's partial paralysis and the fact that he was on disability but found no applicable mitigating factors. The court, therefore, sentenced the Defendant to ten years, the maximum in his range. The trial court found that the Defendant was not an appropriate candidate for probation or alternative sentencing, noting the Defendant's numerous failures to abide by the terms of sentences involving release into the community and the nature of his offense, in which he was found carrying a loaded firearm when he had prior violent felonies and a 2014 conviction for domestic assault. Accordingly, the court ordered that the Defendant serve his ten-year sentence in the Department of Correction at thirty-five percent release eligibility as a Range II, multiple offender.

## ANALYSIS

The Defendant contends on appeal that the trial court erred by denying any form of alternative sentencing. In support, he cites the fact that he was simply found in possession of a weapon rather than using it to commit a crime and that he "admitted guilt and accepted responsibility for his criminal conduct." The Defendant also cites his partial paralysis to argue that he is "not a danger to society at large and would have been able to follow the terms and conditions of probation." The State argues that the trial court acted within its discretion in ordering that the Defendant serve his sentence in the Department of Correction, given his lengthy criminal history and repeated failures to comply with the conditions of sentences involving release into the community. We agree with the State.

Under the 2005 amendments to the sentencing act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2014).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Id. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs,

-4-

932 S.W.2d 467, 477 (Tenn. Crim. App. 1996).  In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'"  State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation.  Bingham, 910 S.W.2d at 456.  Every sentencing decision necessarily requires a case-by-case analysis.  Id.  Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public.  Goode, 956 S.W.2d at 527.

In determining if incarceration is appropriate in a given case, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).  Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate.  Id. § 40-35-103(5).

We agree with the State that the record supports the trial court's denial of probation or other alternative sentencing.  The record reflects that the trial court carefully and at length considered the relevant sentencing principles and applied them to the facts of the case.  As the trial court noted, the Defendant has shown many times that he is unable to successfully complete a sentence involving probation or other forms of release into the community.  Accordingly, we affirm the sentencing determinations of the trial court.

-5-

## CONCLUSION

Based on our review of the record, we conclude that the trial court did not abuse its discretion in denying the Defendant's request for probation or other alternative sentencing. Accordingly, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE